UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE ROCHE, Individually, : | |
| and as Class Representative, : | Hon. Joseph H. Rodriguez |
| Plaintiff, : | Civil Action No. 13-3933 |
| v. : | **OPINION** |
| AETNA HEALTH INC., AETNA INC., : | |
| AETNA HEALTH INSURANCE CO., : | |
| AETNA LIFE INSURANCE CO., and : | |
| THE RAWLINGS CORPORATION, : | |
| Defendants. | |

These matters come before the Court on Plaintiff's Motion for Remand or, in the alternative, for jurisdictional discovery [Dkt. No. 7], Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, or in the alternative Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b) (6) [Dkt. No. 12], and Plaintiff's Motion to Stay Proceedings [Dkt. No. 19]. The Court has considered the written submissions of the parties and the arguments advanced at the hearing on January 30, 2014.[1] For the reasons expressed on the record that day, as well as those set forth below, Plaintiff's Motion for Remand is granted in part. The Court will permit jurisdictional discovery related to the home state exception to the Class Action Fairness Act, 28 U.S.C. § 1332(d). In addition, the Court will dismiss Plaintiff's Motion to Stay Proceedings as moot and will dismiss, without

---

[1] The hearing also included oral argument on Defendants' pending Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, or in the alternative Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b) (6) [Dkt. No. 18], in Roche, Singleton and Minerly v. Aetna Inc., Civil Case No. 13-1377 (Singleton). The present Complaint alleges a subset of claims plead in Singleton. The cases were filed in this Court as "related cases" because at the time of removal, Plaintiff Roche was a named Plaintiff in the Singleton action. However, the Singleton complaint was amended to remove her as plaintiff in that action. On December 4, 2013, Magistrate Judge Williams denied a motion to consolidate the two cases, without prejudice. [Dkt. No. 34]

1

prejudice, Defendants' Motion for Summary Judgment, or in the alternative Motion to Dismiss. Defendants may refile this motion by way of letter upon such time as the Court resolves Plaintiff's Motion for Remand.

## I. Background

This is a proposed class action against five insurance Defendants, Aetna Inc., Aetna Health Inc., Aetna Health Insurance Co., Aetna Life Insurance Co., and The Rawlings Company, LLC ("Defendants"). Plaintiff Michelle Roche ("Plaintiff") claims that Defendants are prohibited from pursuing subrogation or reimbursement claims with respect to New Jersey-regulated health benefit plans. Plaintiff is a New Jersey citizen who was injured in a motor vehicle accident on or about January 19, 2007. (Compl. ¶ 13.) Plaintiff's medical treatment for the injuries she sustained in the accident was paid for by two health insurance plans. The first plan was issued through Roche's husband's employment and is sponsored by the New Jersey State Health Benefits Program. (Id. ¶ 14.) The second plan is sponsored by Bank of America. (Id.) Defendant Aetna Life Insurance Company administered both of Plaintiff's plans. (Goodrich Decl. ¶¶ 3-4.)

Plaintiff sued the other driver involved in her car accident and the other driver's excess liability insurer. (Id. at ¶ 15.) She was successful and was awarded damages. (Id. at ¶ 16.) Then, Defendant Rawlings Company LLC ("Rawlings"), which is Aetna Life Insurance Company's subrogation recovery vendor, sent her a letter asserting a lien, subrogation claim, and/or demand for reimbursement of the benefits paid as a result of the accident. (Id. at ¶17.) In response to the letter,


Plaintiff made payment to Defendants in the amount of $88, 075.29. (Id. at ¶ 18.)

Shortly thereafter on January 25, 2013, Plaintiff, along with Tim Singleton and Jay Minerly, filed a complaint in the Singleton action against the Defendants in the Atlantic County Vicinage of the New Jersey Superior Court, Law Division. Then on May 28, 2013, Plaintiff, individually and as class representative, commenced this action in the Atlantic County Superior Court Law Division against the same five Defendants.[2] The proposed class is defined as "individuals who had health insurance coverage through non-ERISA governmental health plans issued by Aetna in, and subject to the laws of the State of New Jersey, and against whom Aetna directly, or indirectly through its agent Rawlings, has asserted liens, subrogation, demands and/or demands for repayment for their personal injury recoveries." (Id. at 22.) The Complaint alleges that Defendants' subrogation and reimbursement efforts violate N.J.S.A. 2A:15-97 and N.J.A.C.11:4-42.10, and New Jersey common law. The Complaint seeks compensation for Plaintiff and a class defined as "all similarly situated individuals who are covered by 'non-ERISA governmental health insurance policies' and have had liens subrogation and/or repayment demands asserted by Defendants." (Id.)

Defendants removed both Singleton and Roche to the District Court of New Jersey on June 25, 2013. Jurisdiction in the present case is predicated

---

[2] Although Plaintiff filed two class actions, she was removed as a plaintiff from the first class action, which is currently pending before this Court, Roche, Singleton and Minerly v. Aetna Inc., Civil Case No. 13-1377 ("Singleton"). The present Complaint alleges a subset of claims plead in the first class action. The cases were filed in this Court as "related cases." However, on December 4, 2013, Magistrate Judge Williams denied a motion to consolidate the two cases, without prejudice. [Dkt. No. 34]

upon diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1446 and 1453, and federal question jurisdiction arising under the Employment Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Defendants allege that Plaintiff's claims are completely preempted by "ERISA" and also fall within the purview of CAFA. Plaintiff argues that the Court is without jurisdiction because her claims derive from a governmental health insurance policy which is exempt from ERISA pursuant to 29 U.S.C. § 1003 (b) (1) and because two exceptions to CAFA diversity jurisdiction compel remand: the home state exception and the local controversy exception. The Court agrees that federal question jurisdiction under ERISA is lacking because Plaintiff's Complaint raises non-ERISA claims related to her New Jersey State Health Benefits Program. See 29 U.S.C. § 1003 (b) (1) (excluding governmental plans from ERISA; see also 29 U.S.C. § 1002(32) (defining governmental plans). Although the local controversy doctrine does not apply to Plaintiff's claims, the Court will permit limited jurisdictional discovery because it is unable to discern from the present record whether remand is proper under the home state exception. As a result, the Court will permit jurisdictional discovery and stay the determination of the pending summary judgment motions until such time that it can be determined whether or not the Court has jurisdiction.

## II. Standard of Review for Remand

At all times, the burden of establishing federal jurisdiction lies with the removing Defendants. See 28 U.S.C. § 1441 (a); Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006); see also Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir.

1995). For removal to be proper, a District Court of the United States must have original jurisdiction over the action. See 28 U.S.C. § 1441 (a)[3]. Section 1441 states that only state court actions over which the "district courts of the United States have original jurisdiction" may be removed by the defendant. See Ry. Labor Executives' Ass'n v. Pittsburgh & Lake Erie R. Co., 858 F.2d 936, 939 (1988). Federal question jurisdiction applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First National Bank, 299 U.S. 109 (1936); Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)).

The well pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted). In addition, the well-pleaded complaint rule bars federal jurisdiction where a plaintiff's complaint facially pleads only state law causes of action, even though issues of federal law are implicated. Carrington v. RCA Global Communications, Inc., 762 F.Supp. 632, 636 (D.N.J. 1991). Although federal jurisdiction may lie when a federal question is embedded in a state law claim,

---

[3] 28 U.S.C. 1441 (a) states: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

that circumstance is not present here. See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312, 125 S.Ct. 2363 (2005). Here, federal question jurisdiction lies only where the complaint pleads a federal cause of action or diversity jurisdiction under CAFA is established. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229 (1986).

### III. Analysis

Plaintiff's Complaint sets forth a cause of action centered upon a governmental health benefit plan that is exempt from ERISA. See 29 U.S.C. § 1003 (b) (1) (excluding governmental plans from ERISA; see also 29 U.S.C. § 1002(32) (defining governmental plans). Plaintiff's "well pleaded complaint" does not implicate the Bank of America policy and Defendants agree that the New Jersey State Health Benefits Program plan is a non-ERISA plan. (Def. Opp. Br. at 5, n. 6.)  As a result, federal question jurisdiction is lacking because Plaintiff's complaint does not arise under federal law and exclusively implicates State law.  Caterpillar, 482 U.S. at 392.

However, the Court finds that diversity jurisdiction lies under CAFA, 28 U.S.C. § 1332(d)(2). CAFA relaxes the traditional complete diversity requirement and permits federal jurisdiction over class actions when three threshold elements are satisfied. See Vodenichar v. Halcon Energy Properties, Inc., 733 F.3d 497, 503 (3d Cir. 2013). First, under CAFA's minimal diversity requirements, at least one class member must be a citizen of a different state than at least one defendant. See id. (citing 28 U.S.C. § 1332(d)(5)(b)). Second, in addition to partial diversity, a class must comprise of more than 100 members. 28 U.S.C. § 1332 (d)(2)(A). Third, the amount in controversy must exceed five million

6

dollars. 28 U.S.C. § 1332 (d)(2). Plaintiff has not meaningfully contested the existence of CAFA jurisdiction and the Court finds that Defendants establish CAFA jurisdiction.[4]

However, Plaintiff argues that remand is appropriate because her claims fall within two exceptions to CAFA, the "local controversy" and "home state" exceptions, because the controversy is uniquely connected to New Jersey, the state in which the action was originally filed. See Vodenichar, 733 F.3d at 503 (citing 28 U.S.C. § 1332(d)(4)(A)-(B)).  It is Plaintiff's burden to prove each element of the CAFA exceptions. Id.  In this regard, Plaintiff must do more than attempt to evade federal jurisdiction with vague class definitions and obscure references to the citizenship of class members. See Hart v. FedEx Ground Package System, Inc., 457 F.3d 675, 681 (7th Cir. 2006); see also Anthony v. Small Tube Mfg. Corp., 535 F.Supp.2d 506, 514 (E.D.Pa. 2007) (Bare assertions are insufficient to establish citizenship of class members.).  Although the Court finds, as explained below, that the "local controversy" exception does not apply, the class as plead may fall within the "home state" exception. However, the Court cannot make that determination on the basis of the current record and finds that

---

[4] There is sufficient diversity between the Plaintiff and Defendants. See 28 U.S.C. § 1332(d)(5)(b). Plaintiff is a citizen of New Jersey. (Compl., ¶ 2)  Defendant Aetna Life Insurance Co. is a Connecticut Corporation with a principal place of business in Connecticut. (Goodrich Decl., ¶ 2). Additionally, the class likely exceeds 100 members; Plaintiff's Complaint alleges that there are over 100,000 individuals insured by Aetna in the State of New Jersey (Compl., ¶ 23) and Defendants assert that they have filed subrogation or reimbursement claims with "hundreds of members" of New Jersey governmental health insurance policies administered by Aetna (Barrens Decl., ¶ 2). See 28 U.S.C. § 1332 (d)(2)(A). Lastly, the amount in controversy surpasses the jurisdictional threshold of five million dollars. Defendants assert that since 2003, Defendant Rawlings has collected $3.2 million in claims and is currently asserting $6.9 million of subrogation and reimbursement claims with respect to injuries suffered by beneficiaries of New Jersey governmental entities and insured or administered by Aetna. (Barrens Decl., ¶ 2) Because there is not a temporal limitation to the class definition, the use of figures dating back to 2003 satisfy Defendants' burden of demonstrating an amount in controversy greater than five million dollars.

7

Plaintiff's inability to provide more specific information related to the citizenship of the proposed class warrants jurisdictional discovery. <u>Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances</u>, 723 F.2d 357, 362 (3d Cir. 1983); <u>see also</u> . Moreover, because Defendants are corporations, "jurisdictional discovery [is] particularly appropriate." See <u>id.</u>

    A. <u>Local Controversy Exception</u>

Plaintiff's Complaint does not fall within the "local controversy exception" to federal jurisdiction under CAFA because Plaintiff previously filed, in the last three years, a class action that alleges the same or similar factual allegations. <u>See Roche, Singleton and Minerly v. Aetna Inc.</u>, Civil Case No. 13-1377.

Under the local controversy exception, a district court should decline to exercise jurisdiction

> A (i) over a class action in which--
>    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>    (II) at least 1 defendant is a defendant--
>    (aa) from whom significant relief is sought by members of the plaintiff class;
>    (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>    (cc) who is a citizen of the State in which the action was originally filed; and
>    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

8

> (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A).

Given the aid of jurisdictional discovery, it is possible for Plaintiff to establish the elements delineated in 28 U.S.C. § 1332(d)(4)(A)(i)(I), (II), and (III).  However, Plaintiff cannot satisfy 28 U.S.C. § 1332(d)(4)(A)(ii) because she filed a prior class action on January 25, 2013 which asserts the same or similar factual allegations against the same Defendants.[5] See 28 U.S.C. § 1332(d)(4)(A)(ii).

Although CAFA does not define the contours an "other class action" under 28 U.S.C. § 1332(d)(4)(A)(ii), the Court finds that the Singleton case asserts substantially similar factual allegations against the same Defendants so as to qualify as an "other class action" as contemplated by CAFA. Vodenichar, 733 F.3d at 508.  The Court's finding is consistent with the goals underscoring the local controversy exception.  "In enacting CAFA, Congress recognized the benefits of having one federal forum to adjudicate multiple cases filed in various courts against a defendant." Id. (citing Class Action Fairness Act of 2005, Pub.L. No. 109-2, § 2(a)(1), 119 Stat. 4.). A conclusion that permits application 0f the local controversy exception in this case would frustrate the purpose of CAFA by permitting Singleton to proceed in federal court while the instant matter proceeds in State court.  Id.

---

[5] Although Plaintiff was ultimately removed as a plaintiff in Singleton, 28 U.S.C. § 1332(d)(4)(A)(ii) still precludes remand on this basis.

Moreover, Plaintiff's attempt to disassociate herself from Singleton case is unavailing. As compared to the instant case, the First Amended Class Action Complaint in Singleton alleges the same cause of action against the same Defendants here with the sole distinction of purposefully excluding "non-ERISA governmental and church plans" from the type of non-ERISA health insurance policies at issue in Singleton. (Singleton Comp.) Thus, the two complaints are nearly identical but for the characterization of the benefit plans at issue. In addition, there is likely significant overlap between the class members and the nature of the claims; both complaints allege that Defendants violated New Jersey law by pursuing liens, subrogation, and reimbursement requests to plaintiffs who received benefits under non-ERISA preempt plans. (Compl., ¶¶ 10-19, Singleton Compl., ¶¶ 11-21.). Thus, the Court concludes that applying the local controversy exception in this instance would offend Congress' intent in enacting CAFA. "In short, Congress wanted to ensure that defendants did not face copycat, or near copycat, suits in multiple forums and hence excluded from the local controversy doctrine cases where a defendant was named in multiple similar cases." Vodenichar, 733 F.3d at 509. Applying the local controversy doctrine to the present matter runs afoul of Congressional intent and is, therefore, inapplicable to the present case. Remand is not warranted under this exception to CAFA.

B. Home State Exception.

Remand may be appropriate, however, because Plaintiff's claims appear to fall within the home state exception to CAFA jurisdiction. The home state exception requires a federal court to decline to exercise jurisdiction where a

10

party seeking to invoke the exception establishes that at least two thirds of the members of the putative class are citizens of the state where the action was originally filed and that the primary defendants are also citizens of the state in which the action was originally filed. See 28 U.S.C. § 1332(d)(4)(B); see also Vodenichar, 733 F.3d. at 503; Anthony v. Small Tube Mfg. Corp., 535 F.Supp.2d 506, 514 (E.D.P.A. 2007) (emphasis added).

Here, the parties dispute the identity of the "primary" Defendants under 28 U.S.C. § 1332 (d)(4)(B). Noting that CAFA fails to offer a definition of the qualifying term "primary," the Third Circuit recently described the term as "principal, fundamental, and direct." Vodenichar, 733 F.3d at 504. Thus, "direct versus secondary liability [is a] distinction some courts use" to determine which defendants are properly considered primary." Id. In addition, the nature of the allegations and the damages exposure of each defendant is considered when determining whether a particular defendants is a "primary" defendant. Id. (citing Bennett v. Bd. of Comm'rs for East Jefferson Levee Dist., Nos. 07-CV-3130, 07-CV-3131, 2007 WL 2571942, at *6 (E.D.La. Aug. 31, 2007). Finally, "whether such defendants have 'substantial exposure to significant portions of the proposed class[]" is considered. Id. (citing Robinson v. Cheetah Transp., No. 06-CV-0005, 2006 WL 468820, at *2 n. 7 (W.D.La. Nov. 14, 2006)).

Without more evidence, Plaintiff is unable to demonstrate the number of class members who are citizens of New Jersey as opposed to the number of class members who are citizens of another state but have non-ERISA governmental health care policies originating from New Jersey. Plaintiff's bare assertion that it is highly likely that the class members are New Jersey citizens does not satisfy

11

her jurisdictional burden, but, in this instance, constitutes more than mere speculation.  Given that the health benefit plan at issue is a governmental program that covers New Jersey State employees and their dependents, it is more likely than not that the majority of the class members are New Jersey citizens. See Anthony, 535 F.Supp.2d at 514.  Plaintiff's claims also exclusively implicate New Jersey State Law and do not involve any matters of national or interstate interest. Plaintiff's allegations in this regard, surpass those considered deficient in Dicuio v. Brother Int'l Corp., 11-CV-1147, 2011 WL 5557528, at *7 (D.N.J. Nov. 15, 2011).

Defendant in Dicuio was a Delaware corporation with its principal place of business in New Jersey and removed the case to federal court predicated upon CAFA jurisdiction. Id. The Dicuio court held that "[p]laintiff's failure to limit its pleading to New Jersey citizens, combined with his failure to provide any evidence in support of his contention that two-thirds of the proposed class are New Jersey citizens renders his local controversy exception contention untenable." Dicuio, 2011 WL 5557528, at *7.  However, the proposed class in Dicuio considered a class that consisted of "'[a]ll purchasers in New Jersey, who since 2005 purchased Brother Laser Printers" of similar models to Plaintiff's and required the same color ink cartridges." Id. at *1.

Here, Plaintiff's claim is not "clearly frivolous" as the relationship between New Jersey governmental benefits to its citizens is far more connected than the out of state "passersby" who merely shop in New Jersey as described in Dicuio. See Toys "R" Us, Inc. v. Step Two S.A., 318 F.3d 446, 456 (3d Cir. 2003) (Unless the claim is "clearly frivolous" courts should assist plaintiffs in meeting their

burden by allowing jurisdictional discovery.) Thus, while Plaintiff's claim lacks the requisite specificity, it is more than mere speculation and jurisdictional discovery is warranted. See Hirchbach v. NVE Bank, 496 F.Supp.2d 451, 460 (D.N.J. 2007) (noting that "a federal court may have to engage in some fact finding, not unlike what is necessitated by the existing jurisdictional statutes.") (citing Judiciary Committee Report on Class Action Fairness Act, S.Rep. No. 109-14 at 44 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 42.); see also, Metcalf, 566 F.3d at 331 (District Courts have the authority to grant limited jurisdictional discovery to plaintiffs who are unable to meet their burden in establishing jurisdiction to aid the Court in jurisdictional fact finding.). In Hirchbach, the court, on its own motion, granted remand under the home state exception because the court suspected, based upon "its review of the pleadings for subject matter jurisdiction, that a substantial portion of the plaintiff class . . . may call New Jersey home." Likewise, the nature of Plaintiff's claims in the present action strongly suggests that the composition of the proposed class will predominantly include New Jersey citizens.

Likewise, jurisdictional discovery will aid the Court in determining which Defendants are "primary." Here, the Complaint sets forth twelve counts against the Aetna Defendants individually, and twelve counts against the Aetna Defendants on behalf of the class. The Complaint alleges six counts against Defendant Rawlings as to Plaintiff individually and one count as to the proposed Class. There are also several counts that overlap. Considering the Complaint on its face, the Court is left without a clear indication as to which Defendants carry

the most liability and whether those same Defendants face the greatest damages exposure.

Additionally, Plaintiff cannot sufficiently prove that the primary defendants reside in New Jersey. See 28 U.S.C. § 1332(d)(4)(B). Defendants claim that Aetna Life Insurance Co., a citizen of Connecticut, is the administrator of Plaintiff's state health insurance plan and therefore the "primary" Defendant. (See Goodrich Decl., ¶ 4.) Plaintiff argues that Aetna Health, Inc., a New Jersey corporation, is the "primary" Defendant. Without producing evidence of the manner in which Plaintiff's claims are administered by each defendant, Plaintiff cannot meet her burden of establishing that Aetna Health Inc. is the primary defendant. Given that Defendants are in possession of most of the information Plaintiff requires in order to offer more than a bare assertion of liability, jurisdictional discovery is warranted. See Metcalfe, 535 F.Supp.2d at 513 (Jurisdictional discovery is appropriate when defendants are corporations in sole possession of the documents that establish the requirements for the home state exception.); see also Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147 (3d Cir. 2010) (jurisdictional discovery warranted where plaintiff asserts a jurisdictional argument with "reasonable particularity.")

In this regard, Plaintiff's claim for jurisdiction is pled with "reasonable particularity." Eurofins Pharma US Holdings, 623 F.3d 147. First, Plaintiff defines the class in a manner that engenders a likelihood of New Jersey citizenship. Additionally, Plaintiff identifies a New Jersey Defendant, Aetna Health Inc. and forcefully argues that Aetna Health Inc. is the primary defendant

14

in the action and its citizenship is of great import.[6] A conclusion in Plaintiff's favor compels remand. For these reasons, Plaintiff is entitled to discovery on the following:

1) A list of participants in governmental health care plans issued and/or administered by the Aetna Defendants within the State of New Jersey as of the date of the filing of the complaint, including home address.

2) List of participants in governmental health care plans issued and/or administered by the Aetna Defendants within the State of New Jersey to which Rawlings issued subrogation liens and/or reimbursement demand letters from the date of Plaintiff's Accident, through the date of filing of the Complaint, including address the lien/demand letter was sent to.

3) List of all individuals from whom Defendants recovered funds in response to their subrogation liens and/or reimbursement demands, as identified in Defendants' Notice of Removal.

4) Documents relative to the allocation, payment, reimbursement or transfer of funds obtained from the relevant plan participants after initial receipt of same by Rawlings.

5) Production of the contract between Aetna Defendants and Rawlings, with regard to the duties, responsibilities, and obligations relative to subrogation and/or reimbursement from the personal injury recoveries of participants in governmental health plans issued and/or administered by the Aetna Defendants.

6) Production of the documents pertaining to the duties, responsibilities, and obligations of, and any other action taken by Aetna Health, Inc. (a New

---

[6] Because the article "the" precedes the word "primary defendants," the Third Circuit construes the statute as requiring "remand under the home state exception only if all primary defendants are citizens" of the home state. Vodenichar, 733 F.3d at 506 (emphasis added). As a result, if Defendants are correct that more than one primary defendant exists in this case, the home state exception is inapplicable if any of the primary defendants are citizens of other states.

15

> Jersey Corporation) with regard to the administration of any governmental health plan issued in the State of New Jersey, and any other activity relative to subrogation liens and/or reimbursement demands issued to participants in such governmental health plans in the State of New Jersey.

The Court finds that these documents will aid in the determination of whether CAFA's home state exception applies which, in turn, necessitates remand.

### IV. Conclusion

For the reasons stated above and those set forth on the record during the hearing on these matters on January 30, 2014, Plaintiff's Motion for Remand is granted in part. The Court will permit jurisdictional discovery related to the home state exception to the Class Action Fairness Act. In addition, Plaintiff's Motion to Stay proceedings is dismissed as moot. Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, or in the alternative Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b) (6) is dismissed without prejudice.

An appropriate Order shall issue.

Dated: March 31 , 2014

                                   s/ Joseph H. Rodriguez
                                   Hon. Joseph H. Rodriguez,
                                   United States District Judge