UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHELLE ROCHE, Individually, | : | |
| and as Class Representative, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 13-3933 |
| v. | : | **OPINION** |
| AETNA HEALTH INC., AETNA INC., | : | |
| AETNA HEALTH INSURANCE CO., | : | |
| AETNA LIFE INSURANCE CO., and | : | |
| THE RAWLINGS CORPORATION, | : | |
| Defendants. | | |

This matter comes before the Court on motion of Defendants AETNA Health Insurance Co., AETNA Health, Inc., AETNA Life Insurance Co., AETNA, Inc., and The Rawlings Company, LLC for reconsideration [44] of the Court's March 31, 2014 Order, which granted in part Plaintiff's Motion to Remand [7] and permitted jurisdictional discovery related to the home state exception to the Class Action Fairness Act. In addition, the Order dismissed as moot Plaintiff's Motion to Stay [19] and dismissed Defendants' Motion for Summary Judgment [12] without prejudice.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

To succeed on a motion for reconsideration, the moving party must show "more than a disagreement" with the decision it would like reconsidered. Anders

1

v. FPA Corp., 164 F.R.D. 383, 387 (D.N.J. 1995).  Instead, there must be some "dispositive factual matters or controlling decisions of law" that were presented to the Court, but not considered.  Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Thus, a "mere recapitulation of the cases and arguments considered by the court before rendering the original decision" does not warrant a grant of reconsideration.  Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989), modified, 919 F.2d 225 (3d Cir. 1990); accord In re Gabapentin Patent Litigation, 432 F. Supp. 2d 461, 463 (D.N.J. 2006); S.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

A motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached.  NL Indus. Inc., 935 F. Supp. at 516.  Thus, the moving party must actually present "something new or something overlooked by the court in rendering the earlier decision."  Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (citing Harsco Corp., 779 F.2d at 909).  The word "overlooked" is the operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered.  Summerfield v. Equifax, 264 F.R.D. 133, 145 (D.N.J. 2009) (citing United States v. DeLaurentis, 83 F. Supp. 2d 455, 474 n.2 (D.N.J. 2000)).

Here, Movant has not presented the Court with an intervening change in the controlling law, evidence not previously available, or a clear error of law that

will result in manifest injustice.  Rather, Movant has reargued facts related to the citizenship of the parties and the nature of the liability that may attach to each defendant.  However, given the arguments related to the privacy rights of the plan members, Defendants' motion presents a new consideration that maybe assuaged by modification of the Court's March 31, 2014 Order.  See Khair, 893 F. Supp. at 337.

In this regard, the Court will modify the Order and direct the parties to first determine the identity and citizenship of the "primary defendants" as a condition precedent to entitlement to the more robust class citizenship discovery contemplated in the March 31, 2014 Order.  If it is determined that any of the primary defendants are citizens of New Jersey, the parties shall engage in class citizenship discovery.

As a result, Defendants' motion is granted in part.  An appropriate Order shall issue.

Dated: December 17, 2014

/s Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge